**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
at Clarksburg

SEP 0 5 2014

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

LARRY J. ALLEN,

        Plaintiff,

v.                                        CIVIL ACTION NO. 1:13-CV-175
                                                Judge Keeley

UNITED STATES OF AMERICA;
STONEWALL JACKSON MEMORIAL
HOSPITAL COMPANY; and
MARIO ESTOLANO, M.D.

        Defendants.

## STIPULATION AND ORDER OF DISMISSAL

This day came the parties, by counsel, and present the following Stipulation and Order of Dismissal in accordance with Rule 41 of the Federal Rules of Civil Procedure.  Based on the stipulation of the parties, the Court finds and concludes as follows:

1.      On August 23, 2010, Larry Allen presented to the emergency department at Stonewall Jackson Memorial Hospital.  Mr. Allen was treated by emergency medicine physician Mario Estolano, M.D.

2.      Dr. Estolano discharged Larry Allen from the emergency department with instructions to follow-up with his family physician, Dr. David Watson.

3.      On August 25, 2010, Mr. Allen presented to his family physician, David Watson, M.D. and was given a referral to WVU Spine Center.

4.      On September 1, 2010, Mr. Allen returned to his family physician, Dr. David Watson.  Mr. Allen was sent to Minnie Hamilton Hospital and transferred to WVU.

ALLEN V. USA, STONEWALL JACKSON MEMORIAL HOSP. ET AL.    1:13CV175
STIPULATION AND ORDER OF DISMISSAL

5.    On October 27, 2010, Mr. Allen underwent an amputation of the toes on his right

foot.

6.    On November 3, 2010, Mr. Allen had his right leg amputated below the knee.

7.    On August 23, 2010, Mario Estolano, M.D. was an employee of Stonewall

Jackson Memorial Hospital.

8.    At all material times herein, Stonewall Jackson Memorial Hospital was

designated as a Level IV trauma center by the West Virginia Office of Emergency Medical

Services.

9.    The parties stipulate and agree that the trauma cap found in W. Va. Code § 55-

7B-9c in the amount of $500,000 applies and governs the instant case.

10.    The parties stipulate and agree that the follow-up care provided by Dr. David

Watson on August 25, 2010 and September 1, 2010 was directly related to the original

emergency condition for which Mr. Allen presented to Stonewall Jackson Memorial Hospital on

August 23, 2010. Therefore, W. Va. Code 55-7B-9c(d) and (e) apply.

11.    The Plaintiff claims and has presented evidence supporting his claim that Larry

Allen has incurred past medical expenses as a result of the alleged negligence in the amount of

$240,405.05 and the Court so finds.

12.    The Plaintiff claims and has presented evidence supporting his claim that Larry

Allen will incur future medical expenses as a result of the alleged negligence of Defendants in

the amount of $85,756 and the Court so finds.

13.    The Plaintiff claims and has presented evidence supporting his claim that Larry

Allen will incur past and future lost wages in the amount of $402,660 to $848,372 and the Court

so finds.

14.     The Plaintiff claims and has presented evidence supporting his claim that Larry Allen will incur loss of services in the amount of $226,273 and the Court so finds.

15.     The limits of liability found in W. Va. Code § 55-7B-9c preclude, as a matter of law, Plaintiff from recovering all of the economic loss suffered as a result of the alleged negligence of Defendants.

16.     That this is a settlement and compromise and Defendants do not admit liability.

17.     That the parties have amicably resolved the case for a confidential amount.

18.     The parties agree and understand that Plaintiff intends to file a claim with the West Virginia Patient Injury Compensation Fund as is provided for in the West Virginia Medical Professional Liability Act seeking to recover the amount of uncollectible economic damages that were precluded from being recovered as a result of W. Va. Code § 55-7B-9c.

19.     Plaintiff agrees and understands that regardless of whether he receives compensation from the West Virginia Patient Injury Compensation Fund, he will not be entitled to any additional damages, economic or otherwise, from Defendants.

As a result of the above findings of fact, the Court concludes that the parties have amicably resolved their dispute and the case is hereby **DISMISSED** with prejudice.  Nothing in this Order shall prohibit or preclude Plaintiff from making a claim with the West Virginia Patient Injury Compensation Fund to obtain his unrecoverable economic damages in accordance with W. Va. Code 55-7B-1, *et seq.*, W. Va. Code 29-12D-1, *et seq.*, and Code of State Regulations 115-7-1, *et seq.*

The Clerk is directed to forward an attested copy of this Order to all counsel of record.

ALLEN V. USA, STONEWALL JACKSON MEMORIAL HOSP., ET AL.    1:13CV175

STIPULATION AND ORDER OF DISMISSAL

Entered this _5_ day of September, 2014.

_Irene M. Keeley_

Honorable Irene Keeley
United States District Court Judge



/s/ C. Benjamin Salango
C. Benjamin Salango (WVSB #7790)
**PRESTON & SALANGO, P.L.L.C.**
Post Office Box 3084
Charleston, West Virginia 25331
Phone: (304) 342-0512
Fax: (304) 342-0513
bsalango@wvlawyer.com
_Counsel for Plaintiff_


/s/ Deva Solomon
William E. Galeota
Deva Solomon
Steptoe & Johnson
1085 Van Voorhis Road, Suite 400
P.O. Box 1616
Morgantown, WV  26507-1616
_Counsel for Stonewall Jackson Memorial Hospital Company
        and Mario Estolano, M.D._


/s/ Alan G. McGonigal
Alan G. McGonigal
Assistant United States Attorney
P.O. Box 591
Wheeling, WV  26003
_Counsel for USA_

4